Present: Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and Kinser, JJ., and Compton, Senior Justice

JOHN A. BERCZEK

OPINION BY
v. Record No. 991117     SENIOR JUSTICE A. CHRISTIAN COMPTON
                                     April 21, 2000
ERIE INSURANCE GROUP

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
F. Bruce Bach, Judge

In this motor vehicle insurance case, we consider whether an insured's release of a tort claim against the tortfeasor also operates to bar the insured's contract claim against his insurer for medical expenses arising from the accident in question.

The facts are undisputed. In 1994, appellant John A. Berczek was injured as the result of negligence in an automobile accident in Fairfax County. At that time, he was the named insured under a "Family Auto Insurance Policy" issued by Erie Insurance Company, a member of appellee Erie Insurance Group. In a policy endorsement, the insurer agreed to provide "medical expense benefits as a result of bodily injury caused by accident" and arising out of the use of the insured motor vehicle.

In June 1997, the insured settled his negligence claim for $19,500, and executed a general release in favor of Rodney

Renner and Karen D. Renner (collectively, the tortfeasor).  The only parties to the release were the insured and the tortfeasor.

Subsequently, the insured filed the present action for damages against the insurer in April 1998.  In a motion for summary judgment, the insurer asserted that the insured "is alleging that Erie Insurance Group breached a contract of insurance for medical expense benefits or payments" arising from the accident in question.  The insurer contended that the insured's claim is "barred or precluded" because of the June 1997 release executed by the insured, and sought dismissal of the action.

The release provides:

"For the Sole Consideration of Nineteen Thousand Five Hundred ($19,500.00) Dollars, the receipt and sufficiency whereof is hereby acknowledged, the undersigned hereby releases and forever discharges

Rodney Renner and Karen D. Renner

their heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable or, who might be claimed to be liable, none of whom admit any liability, from any and all claims, demands, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from an accident which occurred on or about July 1, 1994 at or near Little River Turnpike.

This release expressly reserves all rights of the parties released to pursue their legal remedies, if any, against the undersigned, their heirs, executors, agents and assigns.

> Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.
>
> Undersigned hereby accepts draft or drafts as final payment of the consideration set forth above."

Following discovery and argument of counsel, the trial court granted the motion for summary judgment and dismissed the action. In a letter opinion, the court noted the parties' agreement "that the release addresses the same automobile accident for which all of the medical expenses claimed in the present case arose." The court further stated that the issue becomes whether the insured can proceed against the insurer "in light of the language of the release."

The trial court determined that the language of the release is "clear and unambiguous." The court referred to the provision that the insured "releases 'all other persons, firms or corporations . . . , from any and all claims, demands, actions, causes of action or suits of any kind or nature whatsoever. . . .'" The court said that the insurer "is an 'other . . . firm or corporation' under the release and this cause of action 'resulted or may in the future develop from an accident which occurred on or about July 1, 1994 at or near

3

Little River Turnpike.'" Accordingly, the court ruled that "[w]hen this language is given its plain meaning, it is clear that the release precludes Plaintiff from filing suit against Defendant for medical expenses arising from the July 1, 1994 accident." The insured appeals.

On appeal, the insurer contends the trial court correctly granted the summary judgment motion. We disagree.

The question whether an injured party's general release of a negligence claim bars a medical expense claim under these circumstances is one of first impression in Virginia. Courts of other jurisdictions are divided on the question. See cases collected in Francis M. Dougherty, Annotation, No-Fault Insurance: General Release of Tortfeasor By Accident Victim As Affecting Automobile Insurer's Obligation For Personal Injury Protection (PIP) Benefits, 39 A.L.R. 4th 378 (1985).

The law of Virginia is settled upon the interpretation and construction of releases. Like the terms of any contract, the scope and meaning of a release agreement ordinarily is governed by the intention of the parties as expressed in the document they have executed. Richfood, Inc. v. Jennings, 255 Va. 588, 591, 499 S.E.2d 272, 275 (1998). When the contract is lawful and the language is free from ambiguity, the agreement furnishes the law that governs the parties. Id.

4

We agree with the trial court that the release in question is unambiguous. But the crucial task is to determine the intention of the parties to the document, that is, whether this insured and the tortfeasor contemplated the release of an insurer from a medical expense claim arising from the accident.

Even given the broad, all-inclusive language of the document in question, we hold as a matter of law that it could not have been the intention of the parties, the injured insured and the tortfeasor, to release the insurer from its obligation to pay medical benefits, for any number of reasons. For example, the insured was releasing a tort claim based on negligence while the insurer, which was not a party to the release, seeks to bar a contract claim. Two distinct types of insurance claims are involved — the insurer's obligation to indemnify its insured as the result of any legal liability he might incur based on fault as opposed to the insurer's contractual obligation to pay medical expenses regardless of fault. Plainly, the release agreement deals with tort liability only. The document "releases and forever discharges" the tortfeasor and all others that are "liable or, who might be claimed to be liable," without admitting any "liability." Clearly, the agreement does not deal with claims based upon contract, even though a loose use of the term "liable" could apply to contract responsibility in another context.

Moreover, no rights of the insurer were cut off or placed in jeopardy by the insured's settlement and release of the tortfeasor because subrogation of medical expense payments is prohibited in Virginia by Code § 38.2-3405(A).

Furthermore, a medical expense claimant under these circumstances has no reason or incentive to forego medical payment benefits by release; such benefits are a source of compensation separate and apart from a claim for personal injury damages based on negligence, even though such medical expenses can be proved during trial of the tort action.

In conclusion, we note the insurer concedes that if this release has the sweeping effect for which it contends, then the document bars, for example, a life insurance claim had the insured died as a result of this accident. We shall not endorse such an unreasonable concept.

Consequently, we conclude that the trial court erred in granting the motion for summary judgment. Thus, we will reverse the judgment below dismissing the action and will remand the case for further proceedings on the merits of the insured's claim.

Reversed and remanded.